LAW OFFICES
BROENING OBERG WOODS & WILSON
PROFESSIONAL CORPORATION
1122 EAST JEFFERSON STREET
PHOENIX, ARIZONA 85034
(602) 271-7700

Richard E. Chambliss (004957)
rec@bowwlaw.com
Alicyn M. Freeman (023916)
amf@bowwlaw.com
Tyler M. Abrahams (024931)
tma@bowwlaw.com
Minute Entries/Orders –
cjg@bowwlaw.com

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Wision Investments, LLC, an Arizona limited liability company;<br><br>Plaintiff,<br><br>vs.<br><br>Hirschler Fleischer, a Virginia Professional Corporation; J. Benjamin English; Jane Doe English,<br><br>Defendants. | CASE NO. 2:16-cv-03302-PHX-SPL<br><br>**DEFENDANTS HIRSCHLER FLEISCHER AND BEN ENGLISH'S SEPARATE STATEMENT OF FACTS IN SUPPORT OF:**<br><br>**MOTION FOR APPLICATION OF VIRGINIA LAW**<br><br>**AND**<br><br>**MOTION FOR SUMMARY JUDGMENT REGARDING LIABILITY UNDER VIRGINIA LAW** |

Pursuant to Federal Rule of Procedure 56, Defendants Hirschler Fleischer, PC ("H-F") and J. Benjamin English ("English) hereby submit their Separate Statement of Facts in Support of their Motion for Application of Virginia Law and Motion for Summary Judgment Regarding Liability:

1. On December 20, 2017, Plaintiff sent Defendants a verified response to written discovery. (*See* Plaintiff's Responses/Objections to Defendants' First Set of Interrogatories, and Verification, a true and correct copy is attached hereto as **Exhibit 1**). In answering interrogatories 2 and 3, Plaintiff stated "Plaintiff asserts every count in the Complaint against Defendant Hirschler Fleischer under a theory of direct liability for the cause of action asserted and a theory of respondeat superior." (*Id.* at p.5:ln.14-26); (*see generally* Doc. 1-1.)

2. George Clark invented and patented a process to carbonate milk-based products, and developed it into a beverage, Fizza. (Deposition Transcript of George Clark, at p.37:ln.9-p.38:ln.23, a true and correct copy is attached hereto as **Exhibit 2**.)

3. Bio-Free-USA Corp. ("BioFree") developed the technology relevant to the Fizza product. Clark is at all times majority member and President of BioFree-USA Corp. (**Exhibit 2**, at p.37:ln.5-7.)

4. George Clark formed Fizza, LLC in March of 2010 in order to market and further develop the Fizza product. (**Exhibit 2**, at p.48:ln.24-p.49:ln.2.)

5. Fizza, LLC is a Delaware Limited Liability Company with its principal place of business in Virginia. (**Exhibit 2**, at p.41:ln.14-25). (*See* Declaration of Ben English, at ¶ 11 and Exhibit Q attached thereto at Bates#English009492, a true and correct copy is attached hereto as **Exhibit 3**).

6. Fizza, LLC never did any business or pursued any sales in Arizona. (**Exhibit 2**, at p.41:ln.14-25;) (Exhibit Q attached to **Exhibit 3**, at Bates#English009501 ¶ 2.3.)

7. In May 2011, Plaintiff Wision Investments, LLC ("Plaintiff"), invested $200,000 for 13% of Fizza, LLC. (**Exhibit 2**, at p.71:ln.1-7); (Doc. 1-1, at ¶ 21.)

8. As part of this transaction, Plaintiff retained and relied on Mickey Walthall, as separate counsel, to assist Wilson Sheih and Plaintiff. (Deposition Transcript of Wilson Sheih, at p.57:ln.5-23; p.70:ln.25-p.71:ln.16, p.94:ln.9-20, & p.132:ln.7-13, a true and correct copy is attached hereto as **Exhibit 4**.)

9. Defendants were retained by Fizza, LLC, as corporate counsel, to prepare the Operating Agreement of Fizza, LLC, dated June 20, 2011; the License Agreement, dated May 1, 2011; the Membership Share Purchase Agreement, dated June 20, 2011 (collectively referred to as the "2011 Agreements") in concert with Plaintiff's counsel, Mickey Walthall. (Deposition Transcript of Ben English, at p.14:ln.6-20, a true and correct copy is attached hereto as **Exhibit 5**); (Doc. 1-1 ¶¶ 22, 35, 44-46, 62, 78, 88, 98, 156); (**Exhibit 2**, at p.63:4-15 p.73:ln.10-12.).

10. Defendant J. Benjamin English is a resident of Virginia and is licensed to practice law in Virginia. (Doc. 1-1, at ¶¶ 2-3) (**Exhibit 5,** at p.14:ln.6-20.)

11. Defendant Hirschler Fleischer is a Virginia professional corporation with its principal place of business in Virginia. (Doc. 1-1, at ¶¶ 2-3); (**Exhibit 5**, at p.14:ln.6-20.)

12. Defendants never served as legal counsel for Plaintiff Wision Investments, LLC in regards to the 2011 Agreements. (**Exhibit 4**, at p.57:ln.5-23; p.94:ln.9-20; & p.132:ln.7-13); (**Exhibit 2**, at p.75:ln.6-10.)

13. The Operating Agreement of Fizza, LLC, dated June 20, 2011, states "[t]this Agreement and the interpretation and enforcement thereof shall be governed exclusively by the laws of the Commonwealth of Virginia, without reference to its choice of law provisions." (Exhibit N attached to **Exhibit 3**, at Bates#English003345.)

14. The License Agreement, dated May 1, 2011, states "[t]this agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia." (Exhibit O attached to **Exhibit 3**, at Bates#English003391.)

15. The Membership Share Purchase Agreement, dated June 20, 2011, states "[t]this agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia." (Exhibit P attached to **Exhibit 3**, at Bates#English010544.)

16. Defendants provided all of the underlying transaction documents, including but not limited to the 2011 Agreements to Mr. Walthall for review and comment. (**Exhibit 4**, at

p.59:ln.6-10, p. 71:ln.3-23, p.77:ln.21-p.79:ln.8, p.81:ln.19-p.82:15, p.90:ln.12-p.91:ln.8, & p.97:ln.17-p.98:ln.17, 139:18-140:16; 144:6-145:12, p.147:ln.21-p.148:ln.22, p.255:ln.1-p.256:ln.8) (stating Plaintiff has no evidence of Defendants' intent to mislead regarding the 2011 License Agreement, which is the foundation for the alleged misrepresentations in 2013); (**Exhibit 3**, at ¶ 2); (*See* email from Mickey Walthall to Ben English, dated May 6, 2011, attached as Exhibit A to **Exhibit 3**); (Email exchanges between Mickey Walthall and Ben English, dated June 9, 10, 14, and 15, 2011, attached at Exhibit B to **Exhibit 3**); (Email from George Clark and Wilson Sheih, dated June 20, 2011, attached as Exhibit C to **Exhibit 3**); (Email from Wilson Sheih to Mickey Walthall, dated June 19, 2011, attached as Exhibit D to **Exhibit 3**); (Email from Wilson Sheih to Mickey Walthall, dated June 18, 2011, attached as Exhibit E to **Exhibit 3**); (Email from Mickey Walthall to Wilson Sheih, dated June 17, 2011, attached as Exhibit F to **Exhibit 3**).

17. Mr. Sheih, on behalf of Plaintiff, and Mr. Walthall personally reviewed and had the opportunity to revise the 2011 Agreements. (*See* documents cited in support of DSOF ¶ 16, which are incorporated herein by this reference.)

18. Whatever information regarding intellectual property Defendants drafted in the 2011 Agreements came from George Clark. Defendants had no independent knowledge of the intellectual property. (**Exhibit 3**, at ¶ 3.)

19. Any misstatements Defendants drafted in preparing the 2011 Agreements was inadvertent and unintentional. (**Exhibit 3**, at ¶ 4.)

20. The 2011 Agreements are signed by "George H. Clark" on behalf of Fizza, LLC. (*See e.g.,* Exhibit O to **Exhibit 3**, at Bates#English003392.)

21. In May 2013, Plaintiff invested $1,000,000.00 to become majority owner of Fizza, LLC. (**Exhibit 4**, at p.157:ln.19-21); (Doc. 1-1, at ¶ 44.)

22. When Plaintiff invested an additional $1,000,000.00 in 2013, it was actually investing in Sparkling Ventures, LLC, which acquired the assets of Fizza, LLC and assumed

the name Fizza, LLC. (Doc. 1-1, at ¶ 44); (**Exhibit 5**, at p.30:ln.30-p.31:ln.11.) The original entity was re-named "Fizza Holdings, LLC." (Doc. 1-1, at ¶ 44); (**Exhibit 5**, at p.30:ln.30-p.31:ln.11.)

23. As part of this transaction, Defendants were retained by Fizza, LLC to prepare the First Amended and Restated Limited Liability Company Operating Agreement of Fizza, LLC, dated May 10, 2013; the Series A Preferred Share Purchase Agreement between Fizza, LLC and Wision Investments, LLC, dated May 10, 2013; and the Asset Purchase Agreement between Sparkling Ventures, LLC and Fizza, LLC, dated May 10, 2013 (collectively referred to as the "2013 Agreements") in concert with Plaintiff's counsel, Mickey Walthall. (**Exhibit 5**, at p.14:ln.6-20.); (Doc. 1-1, at ¶¶ 45-46); (**Exhibit 4**, at p.57:ln.5-23; p.94:ln.9-20, p. 132:ln.7-13, p.139:24-p.140:ln.6, p.154:ln.14-p.155:ln.23).

24. Plaintiff once again retained and relied on Mickey Walthall, as separate counsel, to assist Wilson Sheih and Plaintiff. (**Exhibit 4**, at p.94:ln.9-20, & p. 132:ln.7-13, p.153:ln.7-23; p.243:ln.3-22; p.269:ln.16-p.270:ln.2).

25. Defendants never served as legal counsel for Plaintiff in regards to the 2013 Agreements. (**Exhibit 4**, at p.57:ln.5-23; p.94:ln.9-20, & p. 132:ln.7-13).

26. Defendants provided all of the underlying transaction documents, including but not limited to the 2013 Agreements to Plaintiff's counsel, Mr. Walthall, for review and comment in 2013. (**Exhibit 4**, p.139:24-p.140:ln.6, p.154:ln.14-p.155:ln.23); (Email from Ben English to Mickey Walthall, dated April 1, 2013, attached as Exhibit G to **Exhibit 3**); (Email from George Clark to Wilson Sheih, dated April 1, 2013, attached as Exhibit H to **Exhibit 3**); (Email from Ben English to Mickey Walthall, dated April 16, 2013, attached as Exhibit I to **Exhibit 3**); (Email from Wilson Sheih to Mickey Walthall, dated April 30, 2013, attached as Exhibit J to **Exhibit 3**); (Email exchanges between Mickey Walthall to Wilson Sheih, dated May 1, 2013, attached as Exhibit K to **Exhibit 3**); (Email from ben English to Mickey Walthall, dated May 1, 2013, attached as Exhibit L to **Exhibit 3**); (Email from Ben

English to George Clark and Wilson Sheih, dated May 10, 2013, attached as Exhibit M to **Exhibit 3**).

27.  Mr. Sheih, on behalf of Plaintiff, and Mr. Walthall personally reviewed and had the opportunity to revise the 2013 Agreements.  (*See* documents cited in support of DSOF ¶ 26, which are incorporated herein by this reference.)

28.  In the Series A Preferred Share Purchase Agreement between Fizza, LLC and Wision Investments, LLC and the Asset Purchase Agreement between Sparkling Ventures, LLC and Fizza, LLC, Fizza, LLC made representations about the intellectual property associated with the Fizza product (the "Fizza technology"), including that it owned the Fizza technology "free and clear of all Encumbrances," that all licenses for the Fizza technology were in force and effect, and other similar statements.  (**Exhibit 5**, at p.122:ln.23-p.123:ln.4); (Exhibit R to **Exhibit 3**, at Bates#009468-69); (Exhibit S to **Exhibit 3**, at Bates#009394-009398.)

29.  Whatever information regarding intellectual property Defendants drafted in the 2013 Agreements came from George Clark.  (**Exhibit 3**, at ¶ 6.)

30.  Defendants had no independent knowledge of the intellectual property.  (**Exhibit 3**, at ¶ 6.)

31.  Any misstatement Defendants drafted in preparing the 2013 Agreements was inadvertent and unintentional.  (**Exhibit 3**, at ¶ 7.)

32.  The Series A Preferred Share Purchase Agreement between Fizza, LLC and Wision Investments, LLC, dated May 10, 2013, states "[t]his Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia, without regard to its conflict of law principles or rules."  (*See* Exhibit R attached to **Exhibit 3**, at Bates#English009475.)

33.  The Asset Purchase Agreement between Sparkling Ventures, LLC and Fizza, LLC, dated May 10, 2013, states "[a]ll issues and questions concerning the construction,

validity, enforcement and interpretation of this Agreement and the Schedules and Exhibits thereto shall be governed by, and construed in accordance with, the Laws of the Commonwealth of Virginia without giving effect to any choice of law or conflict of law rules or provisions (whether of the Commonwealth of Virginia or any other jurisdiction) that would cause the application of the Laws of any jurisdiction other than the Commonwealth of Virginia." (*See* Exhibit S attached to **Exhibit 3**, at Bates#English009408.)

34. Plaintiff signed the Operating Agreement acknowledging its full and informed understanding of the Agreements, including the License Agreement. (Exhibit Q attached to **Exhibit 3**, at Bates#English009486-9545, see ¶ 15.11 at Bates#English009543.)

35. Clark signed the Asset Purchase Agreement in the name of Fizza, LLC (aka "Old Fizza"). (Exhibit S to **Exhibit 3**, at Bates#English009411.)[1]

36. Clark signed the Share Purchase Agreement on behalf of Fizza, LLC f/k/a/ Sparkling Ventures, LLC. (Exhibit R to **Exhibit 3**, at Bates#English009476.)

37. After the 2013 Agreements, Plaintiff's primary, if not only, asset was its interest in Fizza, LLC. (*See* **Exhibit 4**, at p.11:ln.16-12:4 & p.33:ln.24-34:1.)

38. When Sheih assumed control of Fizza, LLC in 2013, he did nothing to steer Fizza away from Virginia or towards Arizona. (*See* **Exhibit 4**, at p.157:ln.19-p.158:ln.2.)

39. Plaintiff's 2011 and 2013 investments went toward furthering Fizza LLC's business in Virginia and places other than Arizona. (*See* **Exhibit 4**, at p.68:ln.24-69:6; p.101:ln.19-102:8; & p.126:ln.7-17.)

40. Mr. Wilson Sheih regularly travels to China for long periods of time in regards to Fizza LLC's business. (**Exhibit 4**, at p.117:14-17 and Deposition Exhibit 2.)

41. Plaintiff alleges Defendants had certain contacts with Arizona, all of which pertain to Defendants communicating with Plaintiff and its counsel, Mickey Walthall, in

---

[1] The Complaint at times refers to these entities as "Old Fizza" and "New Fizza" respectively.

7

connection with Plaintiff's 2011 and 2013 investments in Fizza, LLC.  (*See* Doc. 1-1, at ¶ 5).

42. Defendants' contact with Plaintiff in Arizona only ever concerned Fizza business. (**Exhibit 3**, at ¶ 8.)

43. In February 2015, Clark and Plaintiff disagreed over how to further capitalize Fizza, LLC. (Email from George Clark to Wilson Sheih, dated Jan. 24, 2015, a true and correct copy is attached hereto as **Exhibit 6**); (Email exchanges between George Clark and Wilson Sheih, dated Feb. 17, 2015, a true and correct copy is attached hereto as **Exhibit 7**); (Email from Ben English to George Clark, dated Feb. 19, 2015, a true and correct copy is attached hereto as **Exhibit 8**); (Email from George Clark to Wilson Sheih, dated Feb. 20, 2015, a true and correct copy is attached hereto as **Exhibit 9.**)

44. Clark terminated his own employment contract with Fizza, LLC, and he caused BioFree to terminate Fizza, LLC's license to use the technology necessary for the product. (Notice of Termination of License Agreement and Resignation from Fizza, LLC documents, at Bates#English10758-63, a true and correct copy is attached hereto as **Exhibit 10**); (**Exhibit 2**, at p.153:ln.6-12, p.237:ln.12-p.238:ln.11, p.238:ln.20-p.239:ln.24, p.242:ln.2-p.243:ln.4.)

45. Defendants advanced Fizza, LLC's (and BioFree's) interests by allegedly counseling Fizza, LLC regarding terminating the business relationship with Plaintiff. (**Exhibit 2**, at p.237:ln.12-238:11, p.238:ln.20-p.239:ln.24, & p.242:ln.2-p.243:ln.4.)

46. On or around May 5, 2016, Plaintiff Wision Investments, LLC filed suit against the Defendants. (Doc. 1-1.)

47. As part of this lawsuit, Plaintiff alleges Defendants as counsel to Fizza, LLC, made fraudulent and negligent misrepresentation in the 2013 Asset Purchase Agreement and the 2013 Share Purchase Agreement. (Doc. 1-1, at ¶¶ 46-66.)

48. According to Plaintiff, Defendants' fraudulent scheme was born in 2011 when Defendants or Clark revised the Fizza technology license from a four year term to two years.

(Doc. 1-1, at ¶¶ 28-34); (**Exhibit 1**, at p.3:ln.27-28); (**Exhibit 4**, at p.78:4-82:5.)

49. According to Plaintiff's theory, Defendants continued to mislead Plaintiff in 2013 when they prepared the Agreements that "misrepresent" the two year license had not expired when in fact it had. (**Exhibit 4**, at p.143:ln.24-p.144:ln.5); (**Exhibit 1**, at p.4:ln.11-13.)

50. Plaintiff alleges it trusted and confided in Defendants and, therefore, relied on Defendants as its personal counsel in regards to the 2011 and 2013 Agreements. (Doc. 1-1, at ¶¶ 159-165); (*See also* **Exhibit 4**, at p.143:ln.24-144:5 & p.146:ln.23-p.147:ln.12.)

51. Plaintiff alleges that Defendants and Clark finally took advantage of their plan in 2015 when they informed Plaintiff that the two year license had expired. (**Exhibit 1**, at p.4:ln.28-p.5:ln.1.)

52. Plaintiff's tort allegations other than fraud and negligent misrepresentation principally pertain to the 2011 Employment agreement between Clark and Fizza, LLC, the 2011 License Agreement between BioFree and Fizza, LLC, and the 2013 Amended Operating Agreement. (*See e.g.,* Doc. 1-1, ¶¶ 146, 152, 166, 173.)

53. According to the Complaint, Plaintiff alleges Defendants tortuously influenced Clark's actions and tortuously interfered with Fizza, LLC's business by "urging, assisting, inducing and/or causing the Clarks to (1) cause BioFree to terminate the License Agreement [with Fizza, LLC], breach [Fizza, LLC's] Amended Operating Agreement, breach their Employment Agreements [with Fizza, LLC], and (4) otherwise terminate their business relationship with Wision [as manager of Fizza, LLC]." (Doc. 1-1, at ¶¶ 146, 152); (**Exhibit 4**, at p.249:ln.1-16.)

54. In taking these actions, Plaintiff alleges Defendants were acting as Clark's agent, BioFree's agent, and Fizza, LLC's agent. "Defendants acted as legal counsel to the Clarks, Fizza Holdings, New Fizza, and Biofree." (*See* Doc.1-1, at ¶¶ 12-14, 22, 35, 43, 45, 130, 137, 141, 151 & 192.)

55. Plaintiff's Complaint further alleges Defendants conspired with Clark and others to benefit Clark at Wision's expense.  (*See* Doc. 1-1, at ¶¶ 211-214, 220-221.)

56. Plaintiff's Complaint suggests that Defendants exceeded their representation of Clark by desiring to collect their unpaid fees.  (*See* Doc. 1-1, at ¶ 214, 222.)

DATED this 2nd day of April, 2018.

BROENING OBERG WOODS & WILSON, P.C.

By */s/ Tyler M. Abrahams*
Richard E. Chambliss
Alicyn M. Freeman
Tyler M. Abrahams
1122 East Jefferson Street
Phoenix, Arizona  85034
*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that on 2nd day of April, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Michael S. Catlett
Julia J. Koestner
Quarles & Brady, LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ   85004-2391
*Attorneys for Plaintiff*

By */s/ Jane E. Stimbert*